UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL JERRI JAMES, | CASE NO.: C08-1036-RSM |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| ROBERT J. PALMQUIST, | |
| Respondent. | |

## INTRODUCTION

Petitioner Michael James was sentenced on May 30, 2008 to five months in prison for violating conditions of his supervised release. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a decision by the Bureau of Prisons ("BOP") to not release him to a halfway house for any portion of the five-month sentence. Respondent has filed an answer to the petition and petitioner has filed a response to the answer. After reviewing the submissions of the parties, the Court concludes, for the reasons set forth below, that petitioner's habeas petition should be denied.

## BACKGROUND

Petitioner pleaded guilty in 1992 in the District of Montana to second degree murder and related charges. (Dkt. No. 13 at 2). He was sentenced to 204 months in prison, followed by five

REPORT AND RECOMMENDATION
PAGE -1

years of supervised release. (*Id.*) Petitioner was permitted by BOP to serve the final six months of his prison term at a "Community Corrections Center," or halfway house, in Seattle, Washington. Petitioner finished his prison term at the halfway house and began his term of supervised release on February 13, 2008. (*Id.*)

On April 11, 2008, petitioner was arrested in Thurston County for driving under the influence. (*Id.*) Petitioner later acknowledged to his probation officer that he had been drinking prior to his arrest. (*Id.* at 3). He also acknowledged having used cocaine and marijuana, in violation of the terms of his supervised release. (*Id.*) Pursuant to a petition filed by his probation officer, petitioner was detained on May 2, 2008. (Dkt. No. 5 in Case No. CR08-5264-FDB).

After a hearing at which petitioner admitted having committed these violations, the Honorable Franklin Burgess sentenced petitioner to five months in prison, followed by five years of supervised release. (Dkt. No. 14 in Case No. CR08-5264-FDB). Judge Burgess also imposed as a condition of supervised release that petitioner serve up to 180 days in a residential reentry program. (*Id.*)

On July 7, 2008, the Court received the instant petition for a writ of habeas corpus.[1] (Dkt. No. 1). Because petitioner had not paid the filing fee nor moved for leave to proceed *in forma pauperis*, the Clerk sent petitioner a letter informing him of this deficiency. (Dkt. No. 3). On July 17, 2008, petitioner paid the filing fee and his petition was filed. On July 21, 2008, the Court directed that the petition be served on respondent. (Dkt. No. 8).

---

[1] The petition was styled by petitioner as a "Temporary Restraining Order . . . and 28 U.S.C. § 2241 Habeas Corpus." (Dkt. No. 1). However, because the petition challenged solely BOP's execution of petitioner's sentence, the Court construed it simply as a habeas petition under 28 U.S.C. § 2241. (Dkt. No. 8).

Respondent filed an answer to the petition on August 13, 2008. (Dkt. No. 13). Petitioner filed a response to the answer on August 19, 2008. (Dkt. No. 14). The matter is now ready for review.

## DISCUSSION

Petitioner claims in his petition that BOP's denial of his request to serve part of his five-month sentence in a halfway house was contrary to BOP's statutory duty under 18 U.S.C. § 3624 to place inmates, to the extent practicable, in a Community Corrections Center for the final portion of their sentence. (Dkt. No. 6 at 2). Petitioner also alleges that BOP's refusal to place him in a halfway house was an act of impermissible discrimination based upon petitioner's status as a Native American. (*Id*. at 2-3).

Respondent argues that the Court need not address the merits of petitioner's petition because petitioner has not exhausted his administrative remedies. (Dkt. No. 13 at 4-5). Respondent further argues that even if the Court were to address the merits of petitioner's claims, the claims should be denied because BOP was not required to place petitioner in a halfway house. Rather, BOP had discretion whether or not to so place him and declined to do so because the City of Olympia had lodged a detainer against petitioner for the charge of driving while intoxicated. (*Id*. at 6-9). As discussed below, the Court finds that petitioner failed to exhaust his administrative remedies but this failure should be excused and the petition denied because it lacks merit.

Exhaustion is a judicially-created prerequisite to filing for habeas relief in § 2241 cases. *See Brown v. Rison,* 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995). BOP has created, by regulation, a four-tiered procedure for resolving prisoner complaints. *See* 28 C.F.R. § 542.10 *et seq*. The procedure begins with the

prisoner filing an informal grievance at his prison, and if the matter is not resolved, it moves up the bureaucratic ladder until it culminates with review of the complaint by the BOP's General Counsel in Washington, D.C. *See* 28 C.F.R. § 542.15.

It is undisputed that here, petitioner's complaint has not completed all four levels of review. (Dkt. No. 13, Declaration of Jill Sjodin at 3). However, it is within the Court's discretion to excuse the faulty exhaustion and reach the merits. *See* 895 F.2d at 535. Here, two factors weigh in favor of excusing petitioner's failure to exhaust: First, the circumstances presented here seem to fall into the category of cases that are "capable of repetition yet evading review." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). Second, petitioner's claims appear to lack merit and, rather than delay their consideration, in the interest of judicial efficiency, the Court addresses them now.

Contrary to petitioner's assertion, the statute upon which the petitioner relies, 18 U.S.C. § 3624, does not require BOP to place prisoners in Community Corrections Centers. Rather, the statute merely mandates BOP to ensure, *to the extent practicable*, that a prisoner serve a portion of his sentence in such a facility. *See* 18 U.S.C. § 3624(c)(1). Thus, the decision whether to place petitioner in a halfway house is discretionary and the only requirement is that, in making the decision, BOP consider certain factors specified by Congress. *See Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir. 2008). Regarding his claim that he was denied placement in a halfway house due to his status as a Native American, petitioner simply does not offer any evidence that BOP acted on this basis.

In addition, since the filing of petitioner's response, his claims now appear to have become moot. A review of the proceedings in petitioner's underlying criminal case, Case No. CR08-5264-FDB, reveals that petitioner was released from prison at the end of September and placed in a

halfway house – the very relief that he sought here. (Dkt. No. 31 in Case No. CR08-5264-FDB). Unfortunately, shortly after this placement, petitioner was again arrested for violating the terms of his supervised release and was ordered detained by the undersigned United States Magistrate on October 10, 2008. (Dkt. No. 32 in Case No. CR08-5264-FDB). On October 28, 2008, petitioner pleaded guilty to one violation of supervised release and Judge Burgess released him, pending a sentencing hearing scheduled for February 27, 2009. (Dkt. No.38 in Case No. CR08-5264-FDB). Therefore, because the petition lacks merit and also now appears to be moot, petitioner's failure to exhaust his administrative remedies may be excused and his habeas petition denied.

## CONCLUSION

For the foregoing reasons, petitioner's petition under 28 U.S.C. § 2241 should be denied. A proposed Order is attached.

DATED this 30th day of October, 2008.

                                                                            _____
                                                                            Mary Alice Theiler
                                                                            United States Magistrate Judge